Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50287 | **DATE** | 8/21/2002 |
| **CASE TITLE** | Smith vs. Sternes, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for fees and costs including attorney's fees

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for fees and costs, including attorney's fees, is denied. The court reaffirms its previous order granting plaintiff's motion to voluntarily dismiss without prejudice [39]. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 21 2002 date docketed | 48 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | 8-21-02 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| /LC | courtroom deputy's initials | 2002 AUG 21 PM 3:42 Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On June 21, 2002, this court granted plaintiff's motion to voluntarily dismiss this case without prejudice under Fed. R. Civ. P. 41(a)(2) over defendants' objection. It nevertheless gave defendants leave to file a motion seeking attorney's fees and costs as part of the "terms and conditions" for such a voluntary dismissal. Defendants have done so and this order addresses that motion.

Having reviewed defendants' rather cursory motion, the court denies it for two principal reasons. The first is that defense counsel has failed to provide adequate documentation of either the costs or attorney's fees it is seeking. As for the costs, no receipts, invoices, or vouchers are attached to verify the amounts claimed in defendants' motion.[1] And for the attorney's fees, defense counsel has not even come close to documenting a reasonable hourly rate. Although the court recognizes defense counsel (the Illinois Attorney General's Office) does not normally bill an hourly rate, it still has the burden to "produce satisfactory evidence – *in addition to the attorney's own affidavits* – that the requested rates are in line with those prevailing in the community." Connolly v. National Sch. Bus. Serv., Inc., 177 F.3d 593, 596 (7th Cir. 1999) (emphasis added). That is, it must submit evidence of the "market rate," which is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 407 (7th Cir. 1999). In this case, defense counsel has not provided the affidavit of any other attorney practicing the same type of law in the same market area to testify what his or her normal hourly rates are. Moreover, defense counsel's own affidavit is particularly unhelpful, as he says only that, "[i]n private practice any hourly rate ranged from $150.00 per hour for out of court time to $300.00 per hour for intellectual profit litigation in Federal Court." The court is not at all sure what "intellectual profit litigation" is or what it has to do with prisoner's rights litigation (which is what this case is). Finally, defense counsel never says what the actual market rate should be, apparently leaving it up to the court to pick a number between $150 and $300.

The second reason the court denies defendants' motion is that most of the costs and fees associated with this case will be equally useful in a second case plaintiff has filed. This second case, case no. 02 C 50178, essentially involves the same claims and parties as the present case. The only practical difference is that it (likely) avoids the exhaustion of administrative remedies defense because plaintiff had been released from prison, and, therefore, was not a "prisoner," when she filed the second suit. See 42 U.S.C. § 1997e; Dixon v. Page, 291 F.3d 485, 488 n.1 (7th Cir. 2002). Thus, even if the court were inclined to award costs and fees in this case as a condition of plaintiff's voluntary dismissal, it would limit them to those related solely to work performed on the exhaustion issue as the remaining work product – e.g., fact discovery and other legal issues pertaining to the merits of plaintiff's case – would be equally useful in case no. 02 C 50178.[2] See Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985) (fee award under Rule 41(a)(2) should reimburse defendant only for work product that "will not be useful in subsequent litigation of the same claim"). But even this would be impractical because defendants' motion again fails to adequately separate out which costs and fees are associated with which particular task, but instead lumps various tasks together under a single entry.

All in all, given the insufficient documentation for defendants' costs and attorney's fees, as well as the fact that defense counsel will be able to use most, if not all, of the work product from this case in the second case, the court in its discretion under Rule 41(a)(2) denies defendants' motion for costs and fees.

---

[1] In all fairness, defense counsel has attached the travel vouchers to his reply brief, but this in itself raises a host of other problems. First, it is defense counsel's burden to support his request for costs with proper documentation and waiting until a reply brief to file such documentation is simply unacceptable. Second, the reply brief was filed two days after the deadline imposed by the court in its briefing schedule but without an accompanying motion for leave to file instanter to explain the reason for the delay. For this reason alone the court is inclined to strike defendants' reply brief and not consider any of the attached materials. Even so, the reply brief and travel vouchers still do not cure the remaining deficiencies in defendants' motion, as explained *infra*.

[2] Plaintiff argues that even the exhaustion issue will still be relevant to her second case as it will affect how the statute of limitations is calculated. The court makes no comment on this for now and leaves the matter for another day.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Rose Marie Smith

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 50287

Jerry Sternes, et al.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for fees and costs, including attorney's fees, is denied. The court reaffirms its previous order granting plaintiff's motion to voluntarily dismiss without prejudice. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 8/21/2002

Susan M. Wessman, Deputy Clerk